JASON D. SMITH
Nevada Bar No. 9691
**SPENCER FANE LLP**
300 S. 4th Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 408-3400 / Fax: (702) 938-8648
Email: jdsmith@spencerfane.com

*Attorney for Defendant Westman Products LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

MIRANDA CULLENE, an individual,

Plaintiff,

vs.

WESTMAN PRODUCTS LLC, DOE INDIVIDUALS 1 through 40; DOE MANUFACTURERS 1 through 40, DOE DISTRIBUTORS 1 through 40,

Defendants.

Civil Action No.: 2:26-cv-02547

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Westman Products, LLC ("Defendant" or "Westman") hereby removes the above-captioned action from the Eight Judicial District Court, Clark County, Nevada, to the United States District Court for the District of Nevada. The basis for removal is as follows:

**I. Procedural History and Plaintiff's Allegations**

1. On July 21, 2026, Plaintiff Miranda Cullene ("Plaintiff") commenced this action by filing a Complaint and Demand for Jury Trial in the Eight Judicial District Court, Clark County, Nevada, styled *Miranda Cullene v. Westman Products, LLC; Doe Individuals 1 through 40; Doe Manufacturers 1 through 40; Doe Distributors 1 through 40*, Case No. A-26-951820-C, Department 29 (the "State Court Action"). Westman was served with the Complaint on July 24, 2026.

2. In the State Court Action, Plaintiff alleges she sustained personal injuries as a result of consuming kratom products that Westman allegedly designed, manufactured, marketed, distributed, and/or sold, and that Westman failed to warn of kratom's addictive and opioid-like properties. [Ex. 1, ¶¶ 15-16].

3. The Complaint asserts six causes of action against all defendants: (i) strict products liability—design defect; (ii) strict products liability—failure to warn; (iii) negligence and gross negligence; (iv) breach of the implied warranties of merchantability and fitness for a particular purpose under NRS 104.2314 and NRS 104.2315; (v) breach of express warranty under NRS 104.2313; and (vi) deceptive trade practices and consumer fraud under NRS 598.0903 et seq. and NRS 41.600.

4. Plaintiff alleges that she suffered serious injuries and damages, including cardiac injury, physical injury, addiction, withdrawal, pain and suffering, emotional distress, medical and related expenses, and lost wages and diminished earning capacity.

5. Plaintiff's Prayer for Relief seeks general, compensatory, and special damages, medical and incidental expenses, punitive damages, damages for past and future pain and suffering, mental anguish, and loss of enjoyment of life, damages for loss of past and future household services, loss of past and future earning capacity and lost wages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## II. Grounds for Removal — Diversity of Citizenship

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because it is a civil action between citizens of different States in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. This action is therefore removable to this Court under 28 U.S.C. § 1441(a).

### *A. The Parties Are Completely Diverse.*

7. The Complaint alleges that Plaintiff "is and at all times pertinent hereto was, a resident of the County of Clark, State of Nevada." [Ex. 1, ¶ 1]. A natural person is a citizen of the state in which they are domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is therefore a citizen of Nevada for purposes of 28 U.S.C. § 1332(a).

8. Defendant Westman Products, LLC is a limited liability company. For purposes of diversity jurisdiction, a limited liability company is a citizen of every State of which its members are citizens. Westman Products, LLC has two members: Sonny Westmoreland and Sean Sleiman. Each member is an individual domiciled in, and a citizen of, the State of Florida. Accordingly, Westman is a citizen of the State of Florida and is not a citizen of the State of Nevada.

10. Complete diversity of citizenship therefore exists between Plaintiff, a citizen of Nevada, and Westman, a citizen of Florida.

11. The remaining defendants are sued under the fictitious names Doe Individuals 1 through 40, Doe Manufacturers 1 through 40, and Doe Distributors 1 through 40. In determining whether this action is removable under 28 U.S.C. § 1332(a), the citizenship of defendants sued under fictitious names must be disregarded. 28 U.S.C. § 1441(b)(1).

12. No defendant properly joined and served is a citizen of the State of Nevada, and removal is therefore not barred by the forum-defendant rule.

***B. The Amount in Controversy Exceeds $75,000.***

13. The Complaint does not demand a specific sum of damages. Instead, it alleges that Plaintiff's damages on <u>each</u> cause of action are "in an amount in excess of Fifteen Thousand Dollars ($15,000.00)," and states on its face that the action is "Exempt from Arbitration [Damages Exceed $50,000.00]." [Ex. 1, pg. 1]

14. Where, as here, the state-court complaint does not plead a specific amount in controversy, the removing defendant's notice of removal need include only a plausible, good-faith allegation that the amount in controversy exceeds the jurisdictional threshold; such an allegation is accepted unless contested by the plaintiff or questioned by the court. Only if the allegation is challenged must the defendant prove, by a preponderance of the evidence, that it is more likely than not that the amount in controversy exceeds $75,000.

15. In measuring the amount in controversy, the $75,000 threshold of 28 U.S.C. § 1332(a) excludes only interest and costs and therefore includes compensatory damages, punitive damages recoverable as a matter of state law, and attorneys' fees authorized by statute; a single plaintiff's claims against a single defendant may be aggregated to satisfy the threshold.

16. Based on the allegations, causes of action, and categories of damages pleaded in the Complaint, Westman has a good-faith belief that the amount in controversy in this action more likely than not exceeds $75,000, exclusive of interest and costs. Plaintiff alleges serious and continuing personal injuries — including addiction and physical dependence, cardiac injury, withdrawal, pain and suffering, emotional distress, past and future medical and related expenses, and lost wages and diminished earning capacity — and seeks "in excess of $15,000" compensatory, general, and special damages for each of six causes of action.

17. In addition to compensatory damages, Plaintiff expressly seeks punitive damages on the ground that Westman allegedly acted with "fraud, malice, express or implied, oppression, and/or a conscious disregard for the rights and safety of others," as well as an award of reasonable attorneys' fees and costs, including under NRS 41.600. Both punitive damages and statutorily authorized attorneys' fees are properly counted toward the amount in controversy.

18. Taken together, the nature and severity of the injuries alleged, the compensatory and special damages sought across six causes of action, the claim for punitive damages, and the claim for attorneys' fees establish a good-faith basis to conclude that the amount in controversy more likely than not exceeds $75,000. Westman does not concede that Plaintiff is entitled to any damages, but for purposes of establishing this Court's jurisdiction, the amount placed in controversy by the Complaint exceeds the jurisdictional minimum.

19. To the extent any claim asserted in the Complaint is not itself within this Court's original jurisdiction, this Court has supplemental jurisdiction over that claim under 28 U.S.C. § 1367(a) because it forms part of the same case or controversy.

**III. The Procedural Requirements for Removal Are Satisfied**

20. Westman is a defendant in the State Court Action and is entitled to remove it. 28 U.S.C. § 1441(a).

21. This action is properly removed to the United States District Court for the District of Nevada, which is the district embracing Clark County, Nevada, where the State Court Action is pending.

22. This Notice of Removal is timely. It is filed within 30 days after service on Westman of

the Summons and Complaint, which occurred on July 24, 2026. *See* 28 U.S.C. § 1446(b)(1).

23. Westman is the only defendant that has been properly joined and served. The defendants sued under fictitious names have not been served and need not consent to removal, and their consent is in any event unnecessary.

24. Promptly after filing this Notice of Removal, Westman will give written notice of the removal to all adverse parties and will file a copy of this Notice of Removal with the Clerk of the Judicial District Court, Clark County, Nevada, in accordance with 28 U.S.C. § 1446(d).

25. True and correct copies of all process, pleadings, and orders served upon Westman in the State Court Action are attached hereto as Exhibits 1 and 2.

26. Concurrently with this Notice of Removal, Westman is filing its disclosure statement and certificate of interested parties as required by Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1.

**IV. Non-Waiver of Defenses**

27. By removing this action, Westman does not waive, and expressly reserves, all defenses available to it, including any defense based on lack of personal jurisdiction, insufficient process, or insufficient service of process.

28. By removing this action, Westman does not admit any of the allegations in the Complaint.

**WHEREFORE**, Defendant Westman Products, LLC respectfully removes the above-captioned action from the Judicial District Court, Clark County, Nevada, to the United States District Court for the District of Nevada.

DATED this August 14, 2026.

**SPENCER FANE LLP**

*/s/ Jason D. Smith*
JASON D. SMITH
Nevada Bar No. 9691
300 S. 4th Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 408-3400 / Fax: (702) 938-8648
Email: jdsmith@spencerfane.com

*Attorney for Defendant Westman Products LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the August 14, 2026 a true and correct copy of the foregoing **DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** was served electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ Marissa Vallette*
An employee of SPENCER FANE LLP

Michael C. Kane ESQ.
Nevada Bar No. 10096
The 702FIRM INJURY ATTORNEYS
8335 W. Flamingo Road
Las Vegas, Nevada 89147
Email: mike@the702firm.com

*Attorney for Plaintiff*